```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

BRUNO RODI,

      Plaintiff,

v.                                    Case No: 2:13-cv-556-FtM-29CM

KEVIN J. RAMBOSK, Collier County Sheriff, in his individual and official capacity and KEVIN WARD, in his individual capacity as a Collier County Police Officer,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Vacate the May 9, 2014 Order Granting Defendant Michele Shattuck's Motion for Judgment on the Pleadings and the Final Judgment Entered on July 1, 2014 (Doc. #59) filed on February 9, 2015.  Defendants filed a Response in Opposition (Doc. #62) on February 10, 2015.

Plaintiff Bruno Rodi (plaintiff) initiated this action on July 29, 2013, by filing a five-count Complaint against Deputy Michele Shattuck, Deputy Kevin Ward, and Collier County Sheriff Kevin Rambosk. (Doc. #1.)  On February 20, 2014, Deputy Shattuck filed a motion for judgment on the pleadings, arguing that plaintiff failed to state a claim for false arrest and excessive force because plaintiff's arrest was supported by probable cause

and the use of force was minimal.  (Doc. #27.)  The Court agreed and entered an Opinion and Order granting Deputy Shattuck's motion on May 9, 2014.  (Doc. #33.)  Judgment was entered in favor of Deputy Shattuck on July 1, 2014.  (Doc. #40.)

Plaintiff now asks the Court to vacate its Opinion and Order (Doc. #33) and the Judgment (Doc. #40) entered on July 1, 2014, pursuant to Fed. R. Civ. P. 60(b)(2).  (Doc. #59.)  Rule 60(b)(2) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  To succeed on this basis, "a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).

Here, plaintiff contends that the Court's Opinion and Order should be vacated because evidence discovered during Deputy Shattuck's deposition on March 25, 2014, reveals that Deputy Shattuck "was not acting in her official capacities as a police

officer and was essentially off duty at the time she conducted the traffic stop of Plaintiff." (Doc. #59, p. 3.) In response, defendants argue that the evidence is not "newly discovered" because plaintiff knew of the evidence prior to the entry of the Court's Opinion and Order granting the motion for judgment on the pleadings. (Doc. #62, p. 3.) The Court agrees.

Evidence cannot be "newly discovered" under Rule 60 if it was in the possession of the moving party or that party's attorney prior to the entry of judgment. Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987). Because plaintiff learned of what he calls "newly discovered evidence" prior to the entry of the Court's Opinion and Order and the subsequent Judgment, the Court finds that plaintiff has failed to meet his burden under Rule 60(b)(2).

Furthermore, plaintiff is unable to show that the "newly discovered evidence" would have changed the outcome set forth in the Court's Opinion and Order because a traffic stop is not unconstitutional merely because it is made by an off-duty officer. See McCall v. Frisky Whisky, 587 F. App'x 519, 521 (11th Cir. 2014). See also Huebner v. State, 731 So. 2d 40, 44 (Fla. 4th DCA 1999) ("there is no distinction between an on-duty or an off-duty officer insofar as his or her authority to perform customary law enforcement functions."). Moreover, the deposition of Deputy Shattuck unequivocally shows that she was acting in her capacity as a deputy sheriff at the time of the stop. Deputy Shattuck,

while not on her regular shift, was diving an official vehicle, was wearing an identifiable police uniform at the time of the stop, and was being compensated by the Sheriff's Office at the time of the stop. (Doc. #62-1, pp. 5-6.) This testimony clearly establishes that Deputy Shattuck was "on-duty" at the time of the stop. Plaintiff's motion to vacate is therefore denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Vacate the May 9, 2014 Order Granting Defendant Michele Shattuck's Motion for Judgment on the Pleadings and the Final Judgment Entered on July 1, 2014 (Doc. #59) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __7th__ day of April, 2015.

```
            /s/ John E. Steele
            JOHN E. STEELE
            UNITED STATES DISTRICT JUDGE
```

Copies:

Counsel of Record