```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

BRUNO RODI,

    Plaintiff,

v.                                    Case No: 2:13-cv-556-FtM-29CM

KEVIN J. RAMBOSK, Collier County Sheriff, in his individual and official capacity and KEVIN WARD, in his individual capacity as a Collier County Police Officer,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion In Limine to Exclude Evidence at Trial (Doc. #79) filed on March 11, 2015, and defendants' Motion to Strike Plaintiff's Expert Witness Disclosure (Doc. #82) filed on March 27, 2015. Plaintiff filed a Response in Opposition to Defendants' Motion to Strike Plaintiff's Expert Witness Disclosure (Doc. #84) on April 10, 2015.

**I.**

Defendants seek an order directing plaintiff to pose no questions or make any remarks or comments during the trial of this matter or seek to introduce exhibits regarding the fact that the State Attorney's office did not prosecute plaintiff for the charges for which he was arrested. Defendants correctly point out that

the Eleventh Circuit has held that whether "a defendant is subsequently acquitted or charges are dropped against [him] is of no consequence in determining the validity of the arrest itself." Max v. Gumbinner, 905 F.2d 1503, 1507 (11th Cir.1990) (citations omitted).  Here, the validity of the arrest has already been determined by the Court; thus, plaintiff need not argue that charges against him were dropped.  That does not mean, however, that plaintiff should be precluded from any mention of the disposition of the criminal charges against him.  Such evidence is not likely to prejudice defendants or confuse the jury. Accordingly, defendants' motion in limine is denied.

## II.

Defendants move to strike plaintiff's expert on the grounds that plaintiff's expert report does not comply with the requirements of Fed. R. Civ. P. 26(a)(2).  Rule 26(a)(2)(B) provides that an expert's written report must contain:

   (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

   (ii)  the facts or data considered by the witness in forming them;

   (iii) any exhibits that will be used to summarize or support them;

   (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

   (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  A party that fails to comply with Rule 26(a) is precluded from using that information or witness "to supply evidence . . . at a trial, unless that failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The decision to exclude such evidence is discretionary.  <u>Lawver v. Hillcrest Hospice, Inc.</u>, 300 F. App'x 768, 770 (11th Cir. 2008) (citing <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 727-28 (11th Cir. 2004)).

 Plaintiff's Disclosure of Expert Report identifies one expert witness, Paige Kreegel, M.D. (Dr. Kreegel).  (Doc. #82-1, p. 1.) Dr. Kreegel is a licensed physician in the State of Florida, is Board certified in the specialty of emergency medicine, and has been practicing continuously since 1983.  (<u>Id.</u> at 3.)  A routine part of Dr. Kreegel's specialty is to interpret radiographs (X-Rays) of injured patients.  (<u>Id.</u> at 3.)  Dr. Kreegel's report states that he reviewed the X-Ray films taken of plaintiff's ankle on: (1) January 17, 2012, the date plaintiff initially fractured his ankle; (2) March 8, 2012, the date of the incident in question; and (3) January 7, 2013.  (<u>Id.</u>)  In conclusion, Dr. Kreegel opines that the fracture appearing in the X-Ray films taken on March 8, 2012, was not present in the X-Ray films taken on January 17, 2012. (<u>Id.</u>)

Dr. Kreegel's report does not, however, include a *curriculum vitae*, a list of publications authored by Dr. Kreegel in the past 10 years, a list of the other cases in which Dr. Kreegel has testified as an expert, or a statement of the compensation to be paid for the testimony in this case.  Plaintiff proffers that this information was not disclosed in his Expert Report due to an inadvertent clerical error.  (Doc. #84, p. 3.)  Plaintiff further asserts that he disclosed the information to defense counsel as soon he learned of the mistake.  (Doc. #84-2.)  In light of plaintiff's remedial efforts, the Court finds that plaintiff's Expert Report complies with the requirements set forth in Fed. R. Civ. P. 26(a)(2).  The Court further finds that the non-disclosure was harmless because plaintiff promptly remedied his mistake.  Defendants' motion to strike for failure to comply with Fed. R. Civ. P. 26(a)(2) is therefore denied.

Defendants also move to strike Dr. Kreegel on the grounds that plaintiff's orthopedic doctor would have been a better expert witness in this matter.  Defendants' disagreement with plaintiff's choice of expert, however, is not a proper basis for a motion to strike.  As such, defendants' motion is denied.

Accordingly, it is hereby

**ORDERED:**

1.   Defendants' Motion In Limine to Exclude Evidence at Trial (Doc. #79) is **DENIED.**

2.    Defendants' Motion to Strike Plaintiff's Expert Witness Disclosure (Doc. #82) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of April, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record